# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GAYLE M. FOWLER, a California individual,<br><br>Plaintiff,<br><br>v.<br><br>THE UNIVERSITY OF PHOENIX, INC., an AZ corporation; APOLLO EDUCATION GROUP, INC., an AZ corporation; APOLLO GLOBAL MANAGEMENT LLC, a Delaware limited partnership; APOLLO MANAGEMENT, L.P., a DE limited Partnership; AP VIII QUESO HOLDINGS, a DE limited Partnership; THE VISTRIA GROUP, LLC, a DE limited liability company; PETER V. SPERLING, UOP Officer, AZ individual; GREGORY W. CAPPELLI, Officer, AZ; PETER COHEN, Officer and AZ individual; Anthony Miller Officer, also known as Anthony "Tony" Miller,<br><br>Defendants. | Case No.: 18cv1544-WQH-KSC<br><br>**ORDER** |

HAYES, Judge:

    The matter before the Court is the motion to proceed on appeal in forma pauperis filed by Plaintiff Gayle Fowler. (ECF No. 59).

## I. BACKGROUND

    On July 9, 2018, Plaintiff Gayle Fowler, proceeding pro se, initiated this action by filing a complaint against Defendant University of Phoenix and certain affiliates, officers,

and employees (the University). (ECF No. 1). Plaintiff brought claims based on allegations that she earned a degree from the University as early as 2002, and that no degree was conferred until 2015. Plaintiff alleged that she enrolled in 1999 relying on promises that she would obtain a degree in two years at a reduced price by obtaining credit for her previous classes, professional experiences, and military experiences, which were not fulfilled. Plaintiff alleged that she did not receive the high-quality education, high-quality academic advising, alumni benefits, and increased earning potential she was promised. Plaintiff alleged that she made ongoing unsuccessful efforts to obtain her degree. Plaintiff alleged that in 2014 she engaged an attorney for an attempt to mediate with the University. Plaintiff alleged that the University subsequently reviewed her file and, in late 2015, granted her a degree inaccurately dated 2005. Plaintiff sought "an award of civil penalties and assessments, response costs, and compensatory, punitive, treble, restitution, including reimbursement to Gayle all monies paid to UOP on behalf of the student under Title IV loans dispersed funds to UOP." (ECF No. 11 at 75–76).

On April 18, 2019, the Court granted motions to dismiss filed by Defendants and dismissed Plaintiff's claims. (ECF No. 59).

On May 14, 2019, Plaintiff filed a notice of appeal to the Court of Appeals for the Ninth Circuit (ECF No. 58) and a motion and supporting affidavit for leave to proceed on appeal in forma pauperis (ECF No. 59).

The Court of Appeals for the Ninth Circuit has stated, "Parties filing actions including appeals to this court are required to pay a filing fee. . . . An action may proceed despite failure to pay the filing fees only if the party is granted IFP status." *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). "[A]ny court of the United States may authorize the commencement . . . of any suit . . . or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement . . . that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1).

> [A] party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that:
> (A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs;
> (B) claims an entitlement to redress; and
> (C) states the issues that the party intends to present on appeal.

Fed. R. App. P. 24. "An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3); *accord* Fed. R. App. P. 24(a)(3)(A). Good faith exists if "at least one issue or claim is found to be non-frivolous." *Hooker v. Am. Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002). A "frivolous" action for purposes of § 1915 "lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Franklin v. Murphy*, 745 F.2d 1221, 1225 (9th Cir. 1984).

In support of the motion to proceed in forma pauperis, Plaintiff provides information within a form titled "Motion and Affidavit for Permission to Proceed in Forma Pauperis" that is signed by Plaintiff. (ECF No. 59 at 1). In the form, Plaintiff lists current employment with the Calvares County Office of Education, with the Escondido Union School District, and as a substitute teacher. Plaintiff states that her average monthly income is $2,300 and her expected income next month is $2,000. Plaintiff lists bank account balances collectively under $400 and other assets worth $3,000. Plaintiff lists monthly expenses of $3,815. Plaintiff states that the Court's Order dismissing her claims "does not support the facts contained in the evidence." *Id.* The Court finds the record provides adequate grounds to grant Plaintiff's motion to appeal in forma pauperis. *See* Fed. R. App. P. 24. Plaintiff is entitled to proceed in forma pauperis on appeal.

IT IS HEREBY ORDERED that Plaintiff's motion to proceed in forma pauperis is GRANTED. (ECF No. 59).

Dated: May 17, 2019

Hon. William Q. Hayes
United States District Court