**FILED**
Sep 08 2020
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY s/ AKR  DEPUTY

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**
SEP 08 2020
MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GAYLE M. FOWLER, | No. 19-55560 |
| Plaintiff - Appellant, | |
| v. | D.C. No. 3:18-cv-01544-WQH-MSB<br>U.S. District Court for Southern California, San Diego |
| THE UNIVERSITY OF PHOENIX, INC., an AZ corporation; et al., | **MANDATE** |
| Defendants - Appellees. | |

The judgment of this Court, entered August 14, 2020, takes effect this date.

This constitutes the formal mandate of this Court issued pursuant to Rule 41(a) of the Federal Rules of Appellate Procedure.

FOR THE COURT:

MOLLY C. DWYER
CLERK OF COURT

By: Rebecca Lopez
Deputy Clerk
Ninth Circuit Rule 27-7

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 14 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GAYLE M. FOWLER, | No. 19-55560 |
| Plaintiff-Appellant, | D.C. No. 3:18-cv-01544-WQH-MSB |
| v. | |
| THE UNIVERSITY OF PHOENIX, INC., an AZ corporation; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Southern District of California
William Q. Hayes, District Judge, Presiding

Submitted August 14, 2020**
San Francisco, California

Before: THOMAS, Chief Judge, and HAWKINS and McKEOWN, Circuit Judges.

Gayle M. Fowler appeals pro se from the district court's dismissal of her claims against the University of Phoenix ("the University") and others without leave to amend. The parties are familiar with the facts, so we do not repeat them

---

    *     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    **     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

here. We affirm.

Under California law, a cause of action accrues when "the wrongful act is done and the obligation or liability arises." *Wind Dancer Prod. Grp. v. Walt Disney Pictures*, 10 Cal. App. 5th 56, 73 (Ct. App. 2017) (internal quotation marks omitted). The gravamen of Gayle's various causes of action is the University's failure to confer her a degree until 2015, even though she had earned it in 2002 or "prior to 2005." *See Hensler v. City of Glendale*, 8 Cal. 4th 1, 22 (1994) (In Bank) ("To determine the statute of limitations which applies to a cause of action it is necessary to identify the nature of the cause of action, i.e., the 'gravamen' of the cause of action."). The statutes of limitations—between two to four years for the asserted causes of action—began to accrue no later than 2005 and barred all her claims by 2009. *See* Cal. Civ. Proc. Code §§ 335.1, 337, 338, 339, 343. Thus, when Gayle filed her complaint on July 9, 2018, all of her claims were barred.

No exception applies to delay the accrual of or toll the statutes of limitations. The discovery rule is not applicable because Gayle knew, or reasonable investigation would have revealed, the factual basis for her claim by, at the latest, 2012, when, according to the Complaint, Gayle suspected that the University tried to get her to sign up for more classes instead of awarding her a degree. *See Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal. 4th 797, 807–08 (2005); *Alexander v. Exxon Mobil*, 219 Cal. App. 4th 1236, 1251 (Ct. App. 2013). Gayle's assertion that she

did not actually discover until 2016 that she had fulfilled her degree requirements by 2005 is belied by her frequent assertions of the purported right to her degree starting in 2003 and the University's repeated rejections of her requests. Neither equitable tolling nor equitable estoppel apply. *See McDonald v. Antelope Valley Cmty. Coll. Dist.*, 45 Cal. 4th 88, 100 (2008); *Lantzy v. Centex Homes*, 31 Cal. 4th 363, 383 (2003). Thus, the district court correctly dismissed Gayle's claims as time-barred.

The district court also did not abuse its discretion in denying leave to amend. *See Hoang v. Bank of Am., N.A.*, 910 F.3d 1096, 1103 (9th Cir. 2018) ("leave to amend need not be granted when any amendment would be an exercise in futility, such as when the claims are barred by the applicable statute of limitations" (internal quotations and citations omitted)).

**AFFIRMED.**